# In the United States Court of Federal Claims

No. 25-1995
(Filed: February 6, 2026)

**NOT FOR PUBLICATION**

```
**********************************
                                   *
TOTAL INTELLECTUAL PROPERTY        *
PROTECTION SERVICES, INC.,         *
                                   *
                                   *
            Plaintiff,             *
                                   *
                                   *
      v.                           *
                                   *
                                   *
THE UNITED STATES,                 *
                                   *
                                   *
            Defendant.             *
**********************************
```

## DISMISSAL ORDER

**DIETZ, Judge.**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). Here, plaintiff Total Intellectual Property Protection Services, Inc. ("TIPPS") failed to assert any claims in the complaint that fall within the jurisdiction of the United States Court of Federal Claims. Accordingly, the complaint is **DISMISSED** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## I.     BACKGROUND

The plaintiff filed a complaint in this Court on November 21, 2025. Compl. [ECF 1]. In the complaint, the plaintiff alleges that in approximately 2010 and 2015, it contracted with the United States Patent and Trademark Office "for the creation of intellectual property frameworks necessary to establish and support a constitutionally grounded dual economic system," *id.* ¶ 4, to "rebuild and stabilize the banking economy," *id.* According to the plaintiff, although it sent the United States an invoice, the United States has failed to pay it. *Id.* ¶ 6. The plaintiff requests "$19,885,75,900,000" in damages. *Id.* ¶ 8. The complaint identifies Mr. Michael Shane Adams as the President of TIPPS. *Id.* ¶ 2.

On December 19, 2025, the government moved to dismiss the complaint under RCFC 12(b)(1) for lack of subject-matter jurisdiction and under RCFC 12(b)(6) for failure to state a claim. Def.'s Mot. to Dismiss [ECF 6]. On January 13, 2026, the plaintiff responded to the government's motion to dismiss. Pl.'s Opp. to Gov's Mot. to Dismiss [ECF 7]. Also on January 13, Mr. Adams filed a "Motion for Joinder of Plaintiff," [ECF 8], seeking permission "to be

joined as an additional plaintiff in the above-captioned action," *id.* at 1. On January 20, Mr. Adams filed a "Motion for Appointment of Counsel." [ECF 13].[1]

## II.   DISCUSSION

The Court has fully considered the complaint, the government's motion to dismiss, and the plaintiff's response thereto. As explained below, however, because the plaintiff fails to plausibly allege a breach of contract claim against the United States, the Court lacks subject matter jurisdiction over the complaint. Alternatively, even if the Court did have subject matter jurisdiction over the complaint, the plaintiff fails to state a claim upon which relief may be granted. Under either scenario, the Court must dismiss the complaint.

The Tucker Act limits this Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). "Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

"While this Court generally has 'jurisdiction over express and implied-in-fact contract claims against the United States,' it lacks jurisdiction over such claims where a plaintiff fails to plausibly allege such a contract." *Doiban v. United States*, 173 Fed. Cl. 527, 536 (2024) (quoting *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023)). In other words, if a plaintiff fails to make plausible allegations regarding the existence of a contract, the Court must dismiss the complaint for lack of subject-matter jurisdiction. *Id.* To allege either an express or implied contract with the United States, the plaintiff "must show a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Further, "[a] contract with the United States also requires that the Government representative who entered or ratified the agreement had actual authority to bind the United States." *Id.*

Here, even if the Court accepts the allegations in the complaint as true, they do not—at a minimum—plausibly allege that the government intended to form a contract. *See, e.g.*, [ECF 1] ¶ 2 ("These contracts were for the creation of intellectual property frameworks necessary to establish and support a constitutionally grounded dual economic system."), *id.* ("An invoice reflecting this value was transmitted from the President of the United States, Joseph Biden, to Speaker of the House Mike Johnson on March 7, 2024."), *id.* ("The subsequent letter from the President constitutes a legal acknowledgement of the debt owed."), *id.* ("Accordingly, the invoice will be adjusted to reflect a refund claim of 2% of the total estimated value of $80-120

---

[1] The government did not file a response to the motion to appoint counsel and the time for filing a response has passed. *See* RCFC 7.2 (a)(1) ("Unless otherwise provided in these rules or by order of the court, a response or an objection to a written motion must be filed within 14 days after service of the motion.").

trillion, which remains unpaid and is now past due."). Therefore, the Court lacks subject-matter jurisdiction and must dismiss the complaint. *See Starrett v. United States*, No. 22-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023) ("[B]ecause [plaintiff] does not plausibly allege the existence of an express or implied contract with the United States, the Claims Court lacked subject-matter jurisdiction over the case and correctly dismissed [his] complaint.").

Further, as an unrepresented corporation, TIPPS is in violation of RCFC 83.1 and RCFC 41(b). RCFC 83.1(b)(1) provides that "[e]xcept for a *pro se* litigant appearing under RCFC 83.1(a)(4), a party must be represented by at least one attorney of record (not a firm)." RCFC 83.1(a)(4) provides that "[e]xcept as otherwise provided by statute, persons who are not attorneys may represent themselves but may not represent a corporation, an entity, or any other person in any proceeding before this court." Under RCFC 41(b), "[i]f the plaintiff fails to . . . comply with these rules or a court order, the court may dismiss [the action] on its own motion." Thus, to the extent that Mr. Adams purports to represent TIPPS, this Court's rules prohibit him from doing so. Additionally, even though Mr. Adams states that he "is currently experiencing severe financial hardship," [ECF 13] at 2, the Court may not appoint counsel to represent TIPPS. *See Balbach v. United States*, 119 Fed. Cl. 681, 683 (2015) ("The Court cannot waive [RCFC 83.1], even for cases of severe financial hardship.") (citing *Affourtit v. United States*, 79 Fed. Cl. 776, 780 (2008)).

## III.   CONCLUSION

For the reasons above, the complaint is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction. Further, the Court **DENIES** Mr. Adams' motion to appoint counsel [ECF 13], and **FINDS** the other pending motions, [ECFs 6, 8] to be **MOOT**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

3